UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

X-------------------------------------------------------X
PHASE ONE NETWORK, INC.,                                Case No.:

                              Plaintiff,

                                                **COMPLAINT AND DEMAND**
                  v.                               **FOR JURY TRIAL**


FURACAO 2.000 PRODUCOES ARTISTICAS
LTDA., WARNER MUSIC INC.,
ALTERNATIVE DISTRIBUTION ALLIANCE
and WARNER MUSIC BRAZIL LTDA.,

                              Defendants.
X-------------------------------------------------------X


        Plaintiff, Phase One Network, Inc. ("Plaintiff") by its attorneys, Adelman Matz,

P.C., for its complaint against Furacão 2.000 Producoes Artisticas Ltda. ("Furacão 2000"),

Warner Music Inc. ("Warner"), Alternative Distribution Alliance ("ADA") and Warner

Music Brazil Ltda. ("Warner Brazil", collectively with Warner and ADA, the "Warner

Parties", and collectively with Furacão 2000, the "Defendants"), alleges as follows:

                            **NATURE OF THE CASE**

        1.      This is an action by Plaintiff for copyright infringement under the Copyright

Act of 1976, 17 U.S.C. §101 *et seq.*, based on Defendants infringing on Plaintiff's

copyrights in a certain musical composition and sound recording.

                         **JURISDICTION AND VENUE**

        2.      This Court has federal question jurisdiction over the subject matter of this

action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action alleges violations of

federal statutes including the Copyright Act of 1976, 17 U.S.C. §§101, *et seq.*

                                        1

3.      Upon information and belief, this Court has personal jurisdiction over Furacão 2000 pursuant to CPLR §302 because Furacão 2000 derived substantial revenue from distributing the infringing work in international and interstate commerce by causing the infringing works to be distributed for streaming and/or download in *inter alia* New York.

4.      Upon information and belief, this Court has personal jurisdiction over Warner as it maintains its principal place of business within the State of New York, it is registered for authority to conduct business within the State of New York and transacts business within the State of New York.

5.      Upon information and belief, this Court has personal jurisdiction over ADA as it is headquartered and maintains its principal place of business in the State of New York and transacts business within the State of New York.

6.      Upon information and belief, this Court has personal jurisdiction over Warner Brazil as it derived substantial revenue from distributing the infringing works in international and interstate commerce by causing the infringing works to be distributed for streaming and/or download in *inter alia* New York.

7.      Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because the Defendants are subject to the Court's personal jurisdiction with respect to the action and because Defendants have distributed for streaming and/or download the infringing work in the State of New York.

## NATURE OF THE PARTIES

8.      Plaintiff is incorporated under the laws of the state of New Jersey with its principal place of business located in the state of New York.

9.    Plaintiff is the exclusive licensee of copyrights to numerous popular musical compositions and the sound recordings embodying those compositions.

10.    Upon information and belief, Defendant Furacão 2000 is a limited liability company formed and existing under the laws of Brazil with its principal place of business located in Rio de Janeiro.

11.    Upon information and belief, Defendant Warner is incorporated under the laws of the state of Delaware with its principal place of business located in the state of New York.

12.    Upon information and belief, Defendant ADA is the distribution and label services arm of Warner.

13.    Upon information and belief, Warner Brazil is a subsidiary and regional affiliate of Warner and is incorporated under the laws of Brazil with its principal place of business located in São Paulo.

## FACTUAL BACKGROUND

14.    Upon information and belief, in or around 1990, producer Nelson Cruz ("Cruz") created the musical composition and sound recording of the song "Now and Forever" (the "Work"), which was first published on or around February 15, 1991.

15.    On or about March 5, 1991, the musical composition copyright for the Work was registered with the United States Copyright Office baring a Registration No. PA 510-755, identifying Cruz and Michael Anthony ("Anthony") as authors of the Work and identifies MicMac Entertainment Music as the claimant (the "Composition Copyright").

16. Upon information and belief, MicMac frequently used "MicMac Entertainment Music" as a d/b/a name for MicMac Records, Inc. ("MicMac"), which was closely associated with the same.

17. On or about December 1, 1989, Cruz and MicMac entered into a written agreement wherein Cruz sold to MicMac an undivided fifty percent (50%) interest in all of Cruz's musical compositions and a one hundred percent (100%) interest in Cruz's sound recordings, including the Work (the "MicMac Agreement").

18. On or about January 1, 2021, MicMac entered into a written entity purchase agreement with Plaintiff wherein Plaintiff bought MicMac and its affiliated and subsidiary companies and labels' business and operations, inclusive of all of MicMac's ownership interests in and to the Work.

19. On or about March 31, 2021, Bergamot Music Fund I LP ("Bergamot") and Plaintiff entered into a written assignment agreement wherein Plaintiff conferred to Bergamot *inter alia* 100% of Plaintiff's ownership interests in and to the Work.

20. On or about March 31, 2021, Bergamot and Plaintiff entered into a written administrative agreement, later amended on or about June 8, 2026, wherein Plaintiff became the exclusive licensee to *inter alia* the Work (the "Exclusive Licensee Agreement").

21. On or about April 13, 2026, the sound recording copyright for the Work was registered with the United States Copyright Office baring a Registration No. SR 1-067-391, which identifies Bergamot as the claimant.

4

22.    Upon information and belief, Furacão 2000 sampled the Work in creating the song entitled "Mimosa 2000" (the "Infringing Work") without Plaintiff's permission or authorization.

23.    Specifically, upon information and belief, the Infringing Work uses a substantially similar sample of the Work which speeds up and loops the beginning hook of the Work.

24.    Upon information and belief, on or around March 9, 2000, Furacão 2000 thereafter reproduced, sold, distributed, publicly performed, and digitally transmitted the Infringing Work.

25.    Upon information and belief, Furacão 2000 entered into a distribution agreement with Warner Brazil wherein Furacão 2000 authorized Warner Brazil to reproduce, sell, display, publicly perform, distribute, and digitally transmit the Infringing Work without permission or authorization from Plaintiff throughout the United States.

26.    Upon information and belief, Furacão 2000 and Warner Brazil thereafter entered into an agreement with Warner Music and/or ADA to facilitate the reproduction, sale, display, public performance, distribution and digital transmission of the Infringing Work throughout the United States.

27.    Upon information and belief, Warner exercised complete control over all decision-making authority of ADA with respect to its reproduction, sale, display, public performance, distribution and digital transmission of the Infringing Work throughout the United States.

28.     Upon information and belief, thereafter the Warner Parties reproduced, sold, displayed, publicly performed, distributed, and digitally transmitted the Infringing Work without permission or authorization from Plaintiff.

29.     In or around late 2025, the Infringing Work experienced a popular resurgence as it went viral on the social media site TikTok, often used in fashion and lifestyle videos.

30.     On or about November 12, 2025, Plaintiff wrote to a representative of the Warner Parties to inform them of the infringement and demanded that they cease and desist from any further use, performance, and distribution of the Infringing Work.

31.     Upon information and belief, Defendants continued to reproduce, sell, display, publicly perform, distribute, and digitally transmit the Infringing Work without permission or authorization from Plaintiff after being made aware by Plaintiff that the use of the Work was without their permission or authorization.

32.     Further, on or about November 21, 2025, Defendants released an EP entitled "Mimosa 2000 (Remixes)", which contained new mixes of the Infringing Work (the "Infringing Mixes") without Plaintiff's permission or authorization.

33.     Upon information and belief, thereafter Defendants displayed, publicly performed, distributed, and digitally transmitted the Infringing Mixes throughout the United States without permission or authorization from Plaintiff.

34.     Defendants' infringing acts with respect to the Infringing Mixes were willful and deliberate, and committed with prior notice and knowledge of Plaintiff's rights in and to the copyrights in and to the Work.

35.    Defendants' continued infringing acts with respect to the Infringing Work were willful and deliberate, as Defendants continued to display, publicly perform, distribute, and digitally transmit the Infringing Work after Defendants were made aware by Plaintiff that their use of the Work was without permission or authorization.

## COUNT I
### (Copyright Infringement against all Defendants)

36.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 35 as if fully set forth herein.

37.    Plaintiff is the exclusive licensee of a valid copyright for the Work, including both the master recording and composition for same.

38.    Upon information and belief, Furacão 2000 created derivative works using exact reproductions of the Work by sampling it in the Infringing Work without authorization or permission from Plaintiff.

39.    Upon information and belief, by means of Furacão 2000's use of the Work, a qualitative and quantitatively significant portion of the Infringing Song was appropriated from the Work.

40.    Upon information and belief, Furacão 2000 reproduced, sold, distributed, publicly performed, and digitally transmitted the Infringing Work and authorized others to reproduce, sell, distribute, publicly perform, and digitally transmit the Infringing Work.

41.    Upon information and belief, Furacão 2000 entered into an agreement with the Warner Parties where it authorized the Warner Parties to reproduce, sell, distribute, publicly perform, and digitally transmit the Infringing Work.

42. Upon information and belief, thereafter, the Warner Parties have also reproduced, sold, distributed, publicly performed, digitally transmitted, and licensed use of the Infringing Work without the permission or authorization of Plaintiff.

43. Upon information and belief, since at least November 21, 2025, Defendants have also reproduced, sold, distributed, publicly performed, and digitally transmitted the Infringing Mixes without the permission or authorization of Plaintiff.

44. Upon information and belief, Defendants have continued to use the Work in the Infringing Work and Infringing Mixes after being notified by Plaintiff that their use of the Work was without permission or authorization, and in violation of Plaintiff's exclusive rights in and to the Work.

45. 17 U.S.C. §106 of the Copyright Act grants exclusive licensees of a copyright certain exclusive rights to do and authorize others to do the exclusive acts enumerated in 17 U.S.C. §106.

46. Upon information and belief, the infringing acts of Defendants have been, are, and if continued hereafter, will continue to be committed willfully.

47. Plaintiff suffered, and will continue to suffer, losses in an amount not yet ascertained but to be determined at trial. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b).

48. As a result of its actions, Defendants are liable to the Plaintiff for willful copyright infringement under 17 U.S.C. §501. Plaintiff suffered, and will continue to suffer, losses in an amount not yet ascertained but to be determined at trial. In addition to

Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b).

49.    In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §504(c).

50.    Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. §505.

**COUNT II**
**(Contributory Infringement against all Defendants)**

51.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 50 above as if fully set forth herein.

52.    Upon information and belief, Defendants knew that they were not authorized to reproduce, sell, display, publicly perform, distribute, and digitally transmit the Infringing Work.

53.    Upon information and belief, Defendants knowingly induced, assisted in, and materially contributed to the reproduction, sale, display, public performance of, distribution, and digital transmission of the Infringing Work.

54.    Upon information and belief, Defendants have profited from their inducement and participation in such acts.

55.    As a result of its actions, Defendants are liable to the Plaintiff for willful copyright infringement under 17 U.S.C. § 501. Plaintiff suffered, and will continue to suffer, losses in an amount not yet ascertained but to be determined at trial. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants for their wrongful acts, pursuant to 17 U.S.C. § 504(b).

56.     In the alternative, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c).

57.     Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT III
### (Vicarious Infringement against all Defendants)

58.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 57 above as if fully set forth herein.

59.     Upon information and belief, Defendants are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct, and because they had a direct financial interest in the infringing activity.

60.     Upon information and belief, Defendants had the right and ability to supervise, and did in fact control and authorize the distribution of the Infringing Work.

61.     By reason of Defendants' acts of copyright infringement as alleged herein, Defendants have obtained profits they would not otherwise have realized but for the infringement.   As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of its rights in the Work, in an amount to be established at trial.  In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b).

62.     As a result of its actions, Defendants are liable to the Plaintiff for willful copyright infringement under 17 U.S.C. § 501.  Plaintiff has suffered, and will continue to suffer, losses in an amount not yet ascertained but to be determined at trial.  In addition to

Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b).

63. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

i. That Defendants have infringed Plaintiff's exclusive rights in the copyright in the Work under 17 U.S.C. § 501, and that the infringement was willful;

ii. For damages suffered by Plaintiff as a result of the infringement complained of herein, as well as disgorgement of any profits attributable to Defendants' infringement, including the value of all gains, profits, advantages, benefits, and consideration derived by Defendants from and as a result of their infringement of Plaintiff's exclusive license to the copyright in the Work in an amount to be determined at trial;

iii. In the alternative, if Plaintiff so elects, in lieu of recovery of its actual damages and the Defendants' profits, for an award of statutory damages against Defendants, for their willful acts of copyright infringement;

iv. For costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

v. For such other and further relief in favor of Plaintiff as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all claims for relief and issues triable by jury.

Dated: New York, New York            Respectfully submitted,
       August 4, 2026

Sarah M. Matz, Esq.
Madeline Johl, Esq.
Gary Adelman, Esq.
1159 Second Ave, Suite 153
New York, New York 10065
Telephone: (646) 650-2207
E-mail: sarah@adelmanmatz.com
E-mail: g@adelmanmatz.com
E-mail: mjohl@adelmanmatz.com
*Attorneys for Plaintiff*